IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Crim. No. 1:14-CR-00015-03 |
| | : | |
| v. | : | |
| | : | |
| **NATHAN MOSLEY.** | : | Judge Sylvia H. Rambo |

**M E M O R A N D U M**

Before the court is Defendant Nathan Mosley's ("Defendant") counseled motion to correct sentence under 28 U.S.C. § 2255 based on the application of *United States v. Davis*, 139 S. Ct. 2319 (2019). (Doc. 244). For the reasons set forth below, the motion will be denied.

I. **BACKGROUND**

On January 15, 2014, a federal grand jury returned a 2-count indictment against Defendant and others. (Doc. 1). Specifically, the indictment charged Defendant with Hobbs Act Robbery, in violation of 18 U.S.C. §§ 1951 and 2 and *Pinkerton v. United States*, 328 U.S. 640 (1946), and brandishing a firearm in furtherance of a crime of violence (Hobbs Act robbery), in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 and *Pinkerton* ("Count 2"). (*Id.*) In June of 2014, Defendant pleaded guilty to both counts. (Doc. 53). The Court then sentenced Defendant to a 168-month term of imprisonment on December 9, 2014, which comprised of 84 months with respect to Count 1 and 84 months with respect to Count 2, to be served consecutively. (Doc. 94).

1

In May of 2016, Defendant filed his first Section 2255 motion based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). (Doc. 159). The Court ultimately denied this motion, however, on May 16, 2017. (Docs. 207, 208). Relying on *United States v. Davis*, 139 S. Ct. 2319 (2019), Defendant then filed a counseled § 2255 motion on June 22, 2020. (Doc. 244). On December 8, 2020, the Government filed a brief in opposition to the Defendant's § 2255 motion. (Doc. 276). Defendant filed a reply on December 16, 2020, bringing this case to its present procedural posture. (Doc. 279).

## II.   JURISDICTION

As Defendant brings his motion under 28 U.S.C. § 2255, we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The court also has jurisdiction pursuant to 28 U.S.C. § 2241 ("Writs of habeas corpus may be granted by . . . the district courts[.]").

## III.   STANDARD OF REVIEW

A federal prisoner in custody under the sentence of a federal court may, within one year from when the judgment becomes final, move the sentencing court to "vacate, set aside, or correct" a sentence "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). A federal prisoner may also file a § 2255 motion within one year from "[t]he date on which the right asserted was

initially recognized by the Supreme Court, if that right was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). A § 2255 motion may attack a federal prisoner's sentence on any of the following grounds: (1) the judgment was rendered without jurisdiction; (2) the sentence imposed was not authorized by law or otherwise open to collateral attack; or (3) there has been such a denial or infringement of the Constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack. 28 U.S.C. § 2255(b). If the court determines that § 2255 relief is warranted, the court may vacate the judgment, resentence the prisoner, or grant the prisoner a new trial as appropriate. *See* 28 U.S.C. § 2255(b). Generally, the petitioner carries the burden of proof in § 2255 proceedings. *United States v. Hollis*, 569 F.2d 199, 205 (3d Cir. 1977).

## IV. DISCUSSION

In his Section 2255 motion, Defendant seeks to vacate his 18 U.S.C. § 924(c) conviction and consecutive mandatory minimum sentence on Count 2. (Doc. 244). Under § 924(c)(1)(A), enhanced punishments apply for any individual who uses, carries, brandishes, or discharges a firearm "during and in relation to any crime of violence." The length of the mandatory minimum sentence depends on whether the defendant uses, carries, or possesses the firearm (5 years); brandishes the firearm (7 years); or discharges the firearm (10 years). 18 U.S.C. § 924(c)(1)(A)(i)-(iii). The

3

law further defines a "crime of violence" as a felony that: "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another or; (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3). Courts generally refer to clause A of § 924(c)(3) as the "elements clause" and clause B of § 924(c)(3) as the "residual clause." *United States v. Robinson*, 844 F.3d 137, 141 (3d Cir. 2016).

On June 24, 2019, the Supreme Court held that the residual clause of the definition of a crime of violence was unconstitutionally vague. *See United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). Accordingly, following *Davis*, a conviction under § 924(c) can only stand if predicated on a crime of violence under the elements clause enumerated at § 924(c)(3)(A). *United States v. Walker*, --- F.3d ----, No. 15-4062, 2021 WL 833994, at *5 (3d Cir. Mar. 5, 2021). Upon evaluating whether a conviction is a crime of violence under this provision, the *Davis* Court further established that the categorical approach[1] is to be applied. *Id.* (citing *Davis*, 129 S. Ct. at 2328).

---

[1] Under the categorical approach, courts "compare the elements of the statute under which the defendant was convicted to the [§ 924(c)] definition of 'crime of violence.'" *United States v. Johnson*, 899 F.3d 191, 203 (3d Cir. 2018) (citing *United States v. Wilson*, 880 F.3d 80, 83 (3d Cir. 2018)). In making this determination, courts must "look only to the statutory definitions—i.e., the elements—of a defendant's . . . offense, and not to the particular facts underlying the conviction." *United States v. Lewis*, 720 F. App'x 111, 114 (3d Cir. 2018), *cert. denied*, 138 S. Ct. 2013 (2018) (quoting *United States v. Chapman*, 866 F.3d 129, 134 (3d Cir. 2017)). "A crime is only a 'crime of violence' if 'the least culpable conduct hypothetically necessary to sustain a

The Defendant's brief claims that, under the categorical approach, either attempt to commit Hobbs Act robbery, aiding and abetting Hobbs Act robbery, or Hobbs Act robbery based on *Pinkerton* liability form the basis of his § 924(c) conviction. (Doc. 248, at 7). Defendant contends that none of these offenses—as well as completed Hobbs Act robbery—categorically constitute crimes of violence under § 924(c)(3)(A), and thus asserts that his conviction as to Count 2 must be vacated following *Davis*. (*Id.* at 3, 7-18). In response, the Government argues that the language of the Indictment establishes that completed Hobbs Act robbery predicates Defendant's § 924(c) conviction. (Doc. 276, at 9). The Government further submits that, even if the Defendant's § 924(c) conviction was based on an alternative means of committing a Hobbs Act robbery, these offenses still constitute crimes of violence under the elements clause. (*Id.* at 10).

After careful consideration, the Court agrees with the Government. Since the Parties filed their briefs, the United States Court of Appeals for the Third Circuit has unequivocally held that "completed Hobbs Act robbery necessarily has an element the use, attempted use, or threatened use of physical force against the person or property of another and is therefore categorically a crime of violence [following *Davis*]." *United States v. Walker*, --- F.3d ----, No. 15-4062, 2021 WL 833994, at *7

---

conviction under the statute' meets the definition." *Id.* (citing *Wilson*, 880 F.3d at 84); *see also Walker*, 2021 WL 833994 at *5 (noting that, under the categorical approach, the court "must ask whether the minimum conduct [criminalized] qualifies as a crime of violence.").

5

(3d Cir. Mar. 5, 2021); *see also United States v. Monroe*, No. 16-4384, 2021 WL 50161, at *1 (3d Cir. Jan. 6, 2021) ("Hobbs Act robbery is still a crime of violence under the 'elements prong' of § 924(c) because Hobbs Act robbery satisfies § 924(c)(3)(A) using the categorical approach."). The *Walker* court further addressed the issue of whether an *attempt* to commit a crime of violence is itself a crime of violence under the elements clause, and, upon evaluating its language and underlying legislative intent, concluded that "attempted Hobbs Act robbery is categorically a crime of violence under § 924(c)." *Id.* at *10. Accordingly, to the extent the Defendant's § 924(c) conviction hinged on either a completed Hobbs Act robbery or an attempted Hobbs Act robbery, these offenses are viable § 924(c) predicates under the elements clause.

Additionally, although examined in a non-precedential opinion, the Third Circuit has determined that aiding and abetting Hobbs Act robbery meets the statutory definition for a crime of violence under § 924(c)(3)(A). *See United States v. McKelvey*, 773 F. App'x 74, 75 (3d Cir. 2019). Specifically, the *McKelvey* court reasoned that "[a]iding and abetting is not a separate crime, but rather 'an alternative charge that permits one to be found guilty as a principal for aiding or procuring someone else to commit the offense.'" 773 F. App'x at 75. The *McKelvey* court thus concluded that a conviction for aiding and abetting a crime is treated the same as a

conviction for the crime. *Id.* Similarly, with respect to *Pinkerton* liability, a court within this district has explained:

> Under the *Pinkerton* doctrine, a defendant "may be held responsible for the substantive crimes committed by a co-conspirator in furtherance of the conspiracy, even if [he] neither participates in the crimes nor has any knowledge of them." *United States v. Gonzalez*, 918 F.2d 1129, 1135 (3d Cir. 1990) (citing *Pinkerton v. United States*, 328 U.S. 640, 646-47, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946)). The doctrine establishes a "theory of liability," *see United States v. Lopez*, 271 F.3d 472, 480 (3d Cir. 2001), not a separate offense. Like aiders and abettors, defendants convicted of a substantive crime on a *Pinkerton* theory are treated as if they had committed that crime themselves. *See United States v. Bailey*, 840 F.3d 99, 112 (3d Cir. 2016) (quoting *Gonzalez*, 918 F.2d at 1135); *United States v. Casiano*, 113 F.3d 420, 427 (3d Cir. 1997) (same). Thus, a *Pinkerton* conviction is not a conviction for *conspiring* to commit an offense; it is a conviction for committing that offense based on a theory of vicarious coconspirator liability. [*United States v. Green*, 467 F. Supp. 3d 252, 258 (M.D. Pa. 2020)].

*United States v. Green*, No. 1:11-CR-361, 2020 WL 5939161, at *5 (M.D. Pa. Oct. 7, 2020)

Finding no reason to depart from the rationale supporting these decisions, the Court similarly concludes that both aiding and abetting Hobbs Act robbery and Hobbs Act robbery based on *Pinkerton* liability have "an element the use, attempted use, or threatened use of physical force against the person of another[.]" *See* 18 U.S.C. § 924(c)(3)(A).

In sum, regardless of whether Count 2 was predicated on a completed Hobbs Act robbery, an attempted Hobbs Act robbery, aiding and abetting Hobbs Act robbery or Hobbs Act robbery based on *Pinkerton* liability, each of these offenses

7

satisfy the definition of a crime of violence under the elements clause of § 924(c). *See Walker*, 2021 WL 833994 at *1; *McKelvey*, 773 F. App'x at 75; *Green*, 2020 WL 5939161, at *5. Therefore, notwithstanding the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), Defendant's conviction and consecutive mandatory minimum sentence under § 924(c) are valid. Accordingly, the Court will deny the Defendant's § 2255 motion.

## V.     CONCLUSION

For the reasons set forth above, the Court will deny the Defendant's counseled motion to vacate under 28 U.S.C. § 2255. (Doc. 244). The Court will also decline to issue a certificate of appealability, as Defendant has not "made a substantial showing of the denial of a constitutional right." 28 U.S.G. § 2253(c)(2). An appropriate order shall follow.

> */s/ Sylvia H. Rambo*
> SYLVIA H. RAMBO
> United States District Judge

Dated: March 24, 2021